﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200915-109259
DATE: December 31, 2020

ORDER

Entitlement to a compensable disability rating for bilateral hearing loss is denied.

FINDING OF FACT

Veteran’s bilateral hearing has been manifested by hearing acuity of no worse than Level II in the right ear and no worse than Level II in the left ear.

CONCLUSION OF LAW

The criteria for a compensable rating for bilateral hearing loss have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.85, 4.86, Diagnostic Code 6100.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service in the United States Navy from November 1961 to March 1966. 

The rating decision on appeal was issued in August 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the September 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket.

Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Entitlement to a compensable disability rating for bilateral hearing loss

The Veteran contends that he is entitled to a higher rating because his hearing loss has worsened since his initial non-compensable evaluation was assigned. 

Evaluations of defective hearing range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of a controlled Maryland CNC speech discrimination test together with the average hearing threshold level measured by pure tone audiometry tests in the frequencies of 1000, 2000, 3000, and 4000 cycles per second (Hertz). 38 C.F.R. § 4.85, Diagnostic Code 6100.

To evaluate the degree of disability from bilateral service-connected hearing loss, the schedule establishes 11 auditory hearing acuity levels designated from Level I for essentially normal hearing acuity through Level XI for profound deafness. 38 C.F.R. § 4.85, Tables VI and VII. 

An exceptional pattern of hearing impairment occurs when the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more. 38 C.F.R. § 4.86(a). In that situation, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. Further, when the average pure tone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral, and that numeral will then be elevated to the next higher numeral. 38 C.F.R. § 4.86(b).

In his February 2020 claim for an increased rating the Veteran stated that his hearing had worsened since his last VA examination. An August 2020 VA examination reveals that the Veteran reported that since being fit with hearing aids, his issues in ordinary conditions of daily life have improved significantly. He did not report specific problems on his February 2020 claim form or to the August 2020 examiner. 38 C.F.R. § 4.10; Martinak v. Nicholson, 21 Vet. App. 447 (2007). The Veteran’s Maryland CNC Word List speech recognition score and pure tone thresholds, in decibels, were as follows: 

August 18, 2020 HERTZ

 1000 2000 3000 4000 Avg CNC

RIGHT 45 60 70 80 64 96%

LEFT 45 60 65 75 61 94%

Applying the results to Table VI, the findings yield a numeric designation of Level II in the right ear and Level II in the left ear. Entering the resulting bilateral numeric designation of Level II for the right ear and Level II for the left ear to 38 C.F.R. § 4.85, Table VII, equates to a 0 percent disability rating under Diagnostic Code 6100. An exceptional pattern of hearing impairment under 38 C.F.R. § 4.86 was not shown.

Based on the evidence above, a compensable rating for the Veteran’s bilateral hearing loss is not warranted. 

The Board expressly acknowledges its consideration of the lay evidence of record when adjudicating this claim, including difficulty understanding conversations or media. The Veteran is competent to report difficulty with his hearing; however, disability ratings for hearing loss are derived from a mechanical application of the rating schedule to the numeric designations resulting from audiometric testing. See Lendenmann v. Principi, 3 Vet. App. 345 (1992).

The rating criteria contemplate speech reception thresholds and ability to hear spoken words on Maryland CNC testing. The functional impact that the Veteran describes, is contemplated by the rating criteria. Doucette v. Shulkin, 28 Vet. App. 366 (2017). The Veteran’s main complaint is reduced hearing acuity and clarity, which is what is contemplated in the rating assigned. See Rossy v. Shulkin, 29 Vet. App. 142, 145 (2017).

Accordingly, the preponderance of the most probative evidence is against the claim of entitlement to a compensable rating for hearing loss. In reaching the conclusion above, the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran’s claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Zimmerman

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.